# Summit County Clerk of Courts

DARLENE DIXON VS LYONDELLBASELL ADVANCED POLYMERS INC

| **Case Number:** | **File Date:** | **Case Type:** | **Judge:** |
|---|---|---|---|
| CV-2026-02-0558 | 02/10/2026 | OTHER CIVIL | SUSAN BAKER ROSS |

| Filing Date | By Attorney | Docket Text | Document |
|---|---|---|---|
| 02/24/2026 | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served LYONDELLBASELL ADVANCED POLYMERS INC | No Image |
| 02/10/2026 | DIXON, DARLENE | SUMMONS ISSUED BY CERTIFIED MAIL BY Certified Mail LYONDELLBASELL ADVANCED POLYMERS INC | View Document |
| 02/10/2026 | TRUMAN, DAVID | CIVIL COMPLAINT FILED | View Document |
| 02/10/2026 | TRUMAN, DAVID | INSTRUCTIONS TO CLERK FOR SERVICE | View Document |

EXHIBIT
A
ALL-STATE LEGAL

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER: CV-2026-02-0558

DARLENE DIXON
26200 George Zeiger Dr
Beachwood, OH, 44122

-VS-

**SUMMONS**

LYONDELLBASELL ADVANCED POLYMERS INC
C/o Statutory Agent CT Corporation Systems Inc
4400 Easton Commons Way Suite 125
Columbus, OH 43219

**TO the following:**

LYONDELLBASELL ADVANCED POLYMERS INC
C/o Statutory Agent CT Corporation Systems Inc
4400 Easton Commons Way Suite 125
Columbus, OH 43219

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

DAVID NICHOLAS TRUMAN
4700 Rockside Road
Suite 530
Indpendence, OH 44131

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

February 11, 2026

# IN THE COURT OF COMMON PLEAS
# SUMMIT COUNTY, OHIO

| | |
|---|---|
| DARLENE DIXON,<br><br>Plaintiff,<br><br>vs.<br><br>LYONDELLBASELL ADVANCED POLYMERS INC.,<br><br>Defendant. | CASE NO:<br><br>JUDGE:<br><br>COMPLAINT<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Darlene Dixon, by and through the undersigned counsel, and for her Complaint against Defendant, LyondellBasell Advanced Polymers Inc. ("Defendant" or "Lyondell"), states as follows:

1. This is a civil action for declaratory judgment, lost wages and income, monetary damages, punitive damages, and attorney fees for employment discrimination and retaliation under Ohio Revised Code Chapter 4112.

2. This Court has jurisdiction over this matter under R.C. §§ 2305.01 and 4112.052.

3. Venue is proper in this Court because Defendant employed Plaintiff in Summit County, Ohio, and some of the acts giving rise to Plaintiff's claims took place in this county.

4. Plaintiff filed a timely first charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 13, 2023 (EEOC Charge No. 532-2024-00547), which was dual filed with the Ohio Civil Rights Commission ("OCRC"), alleging race and age discrimination and retaliation. Plaintiff received the corresponding Notice of Right to Sue dated June 26, 2024. A copy of the Notice of Right to Sue is attached as **Exhibit A**.

5. Plaintiff filed a second charge against Defendant with the OCRC on November 14, 2024 (OCRC Charge No. CLEB4(010918)11142024), alleging disability discrimination, failure to provide a reasonable accommodation, and retaliation. Plaintiff received the corresponding Notice of Right to Sue dated September 11, 2025. A copy of the Notice of Right to Sue is attached as **Exhibit B**.

6. Plaintiff filed a third charge against Defendant with the OCRC on August 12, 2025 (OCRC Charge No. CLEB4(017063)08122025), alleging disability discrimination, failure to provide a reasonable accommodation and retaliation. Plaintiff received the corresponding Notice of Right to Sue dated October 30, 2025. A copy of the Notice of Right to Sue is attached as **Exhibit C**.

7. Plaintiff has fully exhausted her administrative remedies as to each of her claims under Ohio Rev. Code Chapter 4112.

## PARTIES

8. Defendant Lyondell, is a chemical company based in Houston, Texas, that operates manufacturing facilities in Ohio, including in Akron.

9. Defendant was at all relevant times Plaintiff's "employer" as that term is defined in R.C. 4112.01(A)(2) and a "person" as defined in R.C. 4112.01(A)(1).

10. Plaintiff Darlene Dixon ("Plaintiff" or "Dixon") was at all relevant times employed as a Human Resources Business Partner by Defendant in Ohio.

11. Plaintiff was Defendant's "employee" as that term is defined in R.C. 4112.01(A)(3) and a "person" as defined in R.C. 4112.01(A)(1).

## RELEVANT FACTS

12. Dixon is a 69-year-old African-American woman.

13. Dixon began her employment with Defendant on or about April 1, 2019.

14. Her duties consisted primarily of providing human resources support to certain of Defendant's facilities in Ohio.

15. Beginning in 2021, Dixon began applying for other positions to advance her career.

16. She applied for nine positions during the period 2021 through 2023, none of which she received.

17. One of the promotions Dixon applied for, in early 2023, was APS Commercial HR Manager.

18. Defendant did not interview Dixon and selected Roshawanda Ward, a woman under 40 years old.

19. In June 2023, Dixon applied for an APS Corporate Functions Human Resources Business Partner position.

20. Defendant interviewed Dixon for the APS Corporate Functions role, but selected Karen Vega, another woman under 40 years old.

21. On July 13, 2023, when she learned she did not receive either of the positions she had applied for, Dixon emailed one of the decisionmakers, Ron Echols, to complain that she received conflicting messages about whether the successful candidates were required to be located in Houston or if Defendant merely preferred candidates who lived in Houston.

22. Dixon wrote that she was "not being told the truth" and was "denied an opportunity —which is why the words subjective and discriminatory are now becoming a recurring theme."

23. Dixon asked "to hear more about the job selection process for the Corporate Function role and the internal candidate that was selected," adding that she did not understand Defendant's stated rationale for its selections.

24. In early August 2023, an investigator working for Defendant contacted Dixon about her complaint.

25. Dixon initially did not know the identities of the persons Defendant selected and told the investigator that, while she suspected discrimination, she did not want to pursue a complaint because she was afraid of suffering retaliation.

26. She later learned that Defendant had selected persons under 40 years old for both roles.

27. One of the selectees was black, but she was replaced in the role within a short time by a white woman.

28. In the meantime, Defendant instructed Dixon to participate in the investigation.

29. Accordingly, Dixon spoke with the investigator again and stated that she believed that if she were white and younger, she would have already received a promotion.

30. Separately, on August 31, 2023, Dixon emailed Shawn Reynolds, APS Human Resources Director, with "concerns and questions" about why two substantially younger employees were promoted to HR Consultant while Dixon and another co-worker over 50 years old remained HR Business Partners after four years.

31. Dixon wrote that her co-worker had resigned "and she listed this infraction as one of the reasons for her resignation."

32. Dixon also asked why another substantially younger employee "was promoted to HRBP while I remained HRBP with 20-years of experience and a MA degree."

33. Defendant later informed Dixon that its investigation found that her complaint was unsubstantiated.

34. In September 2023, Dixon applied for three more promotions. She was not selected for any of them.

35. On November 3, 2023, Defendant put Dixon on a Performance Improvement Plan, alleging that she "repeatedly made unsubstantiated allegations and have refused to cooperate in investigations related to those allegations."

36. Dixon had never received any prior discipline or performance warnings of any kind.

37. The PIP specifically cited Dixon's sending "an email alleging discriminatory hiring," which Defendant described as an "inflammatory allegation."

38. Dixon objected to the PIP, pointing out inaccuracies and noting that she did not refuse to participate in the investigation. Rather, while she feared retaliation, she had reached out and spoken with the investigator once she was instructed to do so.

39. In January 2024, Dixon began a medical leave of absence due to major depressive disorder, generalized anxiety disorder, agoraphobia, and panic attacks.

40. Dixon submitted a medical certification from her physician and received approval for a leave of absence.

41. In early July 2024, Dixon sought to return to work. She gave Defendant a letter from her psychiatrist requesting remote work as a reasonable accommodation for 60 to 90 days.

42. After receiving no response, Dixon followed up on her request on July 15 and 24.

43. On July 25, Defendant told Dixon for the first time to "have your Physician complete the Accommodation forms and return to Medical" for review.

44. Dixon's physician completed the requested accommodation forms for Defendant.

45. On August 19, a nurse working for Defendant contacted Dixon because the nurse could not read the physician's handwriting.

46. On September 5, 2024, two months after Dixon first asked to return to work with a reasonable accommodation, Defendant denied her request to work remotely for 60 to 90 days.

47. Because Defendant denied her request for temporary remote work, and Dixon was not yet able to return to the office, Dixon asked for additional unpaid leave.

48. Defendant granted Dixon additional leave on September 19, 2024.

49. On November 29, 2024, Dixon asked to use vacation time through the end of the year.

50. Citing business needs, Defendant refused to allow Dixon to use vacation and informed her that if she did not report to the Akron site the next morning, December 5, 2024, Defendant would consider it Dixon's "voluntary resignation."

51. Dixon, who believed her vacation request had been approved, was out of state and did not appear the next morning in Akron.

52. Defendant then terminated her employment on December 5, 2024.

**COUNT I**
**Disability Discrimination – Failure to Accommodate – R.C. 4112.02**

53. Dixon re-alleges all prior paragraphs and incorporates them here by reference.

54. Dixon had mental and/or physical impairments that substantially limit her in major life activities including but not limited to thinking, sleeping, concentrating, and working.

55. Dixon was qualified to perform the job duties of a Human Resources Business Partner, with or without reasonable accommodation, and Dixon did successfully perform the essential functions of her position during her employment.

56. Dixon's July 2024 request for a limited period of remote work due to her disabilities constituted a request for reasonable accommodation under Ohio law.

57. Defendant violated Chapter 4112 of the Ohio Revised Code by failing to respond to Dixon's request for two months and then denying Dixon's request to work remotely.

58. Defendant's refusal or failure to reasonably accommodate Dixon's disabilities deprived Dixon of rights guaranteed to her by Chapter 4112 of the Ohio Revised Code.

59. Defendant's discriminatory conduct was willful, malicious, and intentional, and/or Defendant recklessly disregarded Dixon's rights.

60. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Dixon suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of her damages will continue to accrue indefinitely into the future.

**COUNT II**
**Retaliation under R.C. 4112.02(I)**

61. Dixon re-alleges all prior paragraphs and incorporates them by reference.

62. Dixon engaged in protected activity when she complained about race and age discrimination, including to Ron Echols, to Defendant's investigator and, on August 31, 2023, in an email to Shawn Reynolds.

63. Dixon engaged in protected activity when she requested a reasonable accommodation of her disabilities on or about July 3, 2024, when she asked to return to work remotely for 60 to 90 days, and when she asked for additional time off on November 29, 2024.

64. Defendant was aware that Dixon was engaging in protected activity each time she complained about race and age discrimination and when she requested reasonable accommodations.

65. After Dixon engaged in protected activity, Defendant falsely accused her of engaging in misconduct and making her complaints in bad faith, and began to scrutinize Dixon's attendance and work record in order to find a justification to discipline her.

66. Defendant issued Dixon a performance improvement plan in retaliation for her complaints.

67. Defendant delayed responding to and ultimately refused to grant Dixon's request for a limited remote work reasonable accommodation in retaliation for her protected activity.

68. Defendant ultimately terminated Dixon's employment in retaliation for her protected activity.

69. Defendant's retaliatory conduct was willful, malicious, and intentional, and/or Defendant recklessly disregarded Dixon's rights.

70. As a direct and proximate result of Defendant's unlawful retaliation, as set forth above, Dixon has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, and other benefits to which she would be entitled. Some or all of her damages will continue indefinitely into the future.

**COUNT III**
**Age Discrimination under R.C. 4112.02**

71. Dixon re-alleges all prior paragraphs and incorporates them by reference.

72. Dixon, who is 69 years old, is a member of a protected age group.

73. Dixon applied for the position of APS Corporate Functions HR Business Partner. Manager in June 2023.

74. Dixon was qualified for the position and received an interview, but she learned she was not selected in July 2023.

75. Defendant selected a woman under 40 years old for the position.

76. Upon information and belief, Dixon was more experienced and more qualified for the position than the person Defendant selected for the role.

77. Defendant chose not to promote Dixon because of her age, in violation of Ohio Rev. Code § 4112.02.

78. During her employment as an HR Business Partner, Defendant paid Dixon substantially less than less experienced, less educated HR Business Partners who were younger than 40 or substantially younger than Dixon.

79. Defendant paid substantially younger HR Business Partners more than Dixon and placed them in roles with better prospects for advancement and pay increases because of Dixon's age.

80. Defendant's discriminatory conduct was willful, malicious, and intentional, and/or Defendant recklessly disregarded Dixon's rights.

81. As a direct and proximate result of Defendant's unlawful discrimination, as set forth above, Dixon has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, and other benefits to which she would be entitled. Some or all of her damages will continue indefinitely into the future.

**COUNT IV**
**Race Discrimination under R.C. 4112.02**

82. Dixon re-alleges all prior paragraphs and incorporates them by reference.

83. Dixon, who is African-American, is a member of a protected racial group.

84. Dixon applied for the position of APS Corporate Functions HR Business Partner. Manager in June 2023.

85. Dixon was qualified for the position and received an interview, but learned she was not selected in July 2023.

86. Defendant selected a Hispanic woman under 40 years old for the position.

87. Upon information and belief, Dixon was more experienced and more qualified for the position than the person Defendant selected for the role.

88. Defendant chose not to promote Dixon because of her race, in violation of Ohio Rev. Code § 4112.02.

89. Defendant's discriminatory conduct was willful, malicious, and intentional, and/or Defendant recklessly disregarded Dixon's rights.

90. As a direct and proximate result of Defendant's unlawful discrimination, as set forth above, Dixon has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, and other benefits to which she would be entitled. Some or all of her damages will continue indefinitely into the future.

**WHEREFORE**, Plaintiff Darlene Dixon prays for judgment in her favor and an award of the following relief against Defendant:

A. Compensatory damages for lost wages and benefits in an amount to be determined at trial and in excess of $25,000;

B. Compensatory damages in an amount to be determined at trial for loss of job status, pain and suffering, humiliation, embarrassment, loss of reputation, loss of enjoyment of life, and emotional distress;

C. Punitive damages;

D. Reinstatement or, in lieu of reinstatement, front pay;

E. Pre- and post-judgment interest;

F. Attorney fees and costs; and

G. Such other and further relief as deemed appropriate by the Court.

Respectfully submitted,

*/s/ David N. Truman*

DAVID N. TRUMAN (0082347)
STUART G. TORCH (0079667)
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
david@employmentlawpartners.com
stuart@employmentlawpartners.com

*Counsel for Plaintiff Darlene Dixon*

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims that may be so tried.

*/s/ David N. Truman*
David N. Truman (0082347)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**EXHIBIT A**

Issued On: 06/26/2024

**To:** Ms. Darlene Dixon
26200 George Zeiger Drive
Beachwood, OH 44122

Charge No: 532-2024-00547

EEOC Representative: Legal Unit
(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 532-2024-00547.

On behalf of the Commission,

Digitally Signed By:Dilip Gokhale
06/26/2024

Dilip Gokhale
Director

**EXHIBIT B**

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Valerie A. Lemmie, Chair
Lori Barreras
William W. Patmon, III
Vernon Sykes
Charlie Winburn

Angela Phelps-White,
Executive Director

| | | |
|---|---|---|
| **Charging Party,** | ) | |
| | ) | |
| Darlene Dixon | ) | |
| | ) | |
| **v.** | ) | **Charge No.** CLEB4(010918)11142024 |
| | ) | 22A-2025-00693 |
| **Respondent,** | ) | |
| | ) | |
| LyondellBasell Advanced Polymers | ) | |
| | ) | |

## NOTICE OF RIGHT TO SUE

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Vera F. Boggs*
Vera F. Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH 44113
(216) 787-3150

Date mailed: **September 11, 2025**

**EXHIBIT C**

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Valerie A. Lemmie, Chair
Lori Barreras
William W. Patmon, III
Vernon Sykes
Charlie Winburn

Angela Phelps-White,
Executive Director

---

**Charging Party,**

**Darlene Dixon**

**v.**

**Respondent,**

**LyondellBasell Advanced Polymers Inc.**

**Charge No. CLEB4(017063)08122025**
**22A-2025-04482**

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Vera F. Boggs*
Vera F. Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH 44113
(216) 787-3150

Date mailed: **October 30, 2025**